IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMANDA JOHNSON, an individual; | ) | CASE NO. _____ |
| BARRY RICHARDS, d/b/a RICHARDS | ) | |
| BROTHERS, an individual; | ) | |
| BRIAN LAUFER, an individual; | ) | |
| BRYAN HAUXWELL, an individual; | ) | COMPLAINT |
| DARREN WARNER, an individual; | ) | |
| DAVID RUF, an individual; | ) | |
| DELMAR RICHTER, an individual; | ) | |
| EVAN RICHTER, an individual; | ) | |
| HEATH RUF, an individual; | ) | |
| JASON BONER, an individual; | ) | |
| JERRY KOTSCHWAR, d/b/a/ | ) | |
| JENNIE KOTSCHWAR FARMS INC., | ) | |
| an individual; | ) | |
| KENNY KORELL, an individual; | ) | |
| KRIS KRESSIN, an individual; | ) | |
| LANE BROZ, an individual; | ) | |
| RANDY RICHTER, an individual; | ) | |
| RICHTER FINANCIAL INC., a Nebraska | ) | |
| Corporation; | ) | |
| SHAWN SULLIVAN, an individual; | ) | |
| SIS FARMS L.L.C., a Nebraska Limited Liability | ) | |
| Company; | ) | |
| STEVE BROZ, an individual; | ) | |
| WALLEN AND SONS INC., a Nebraska | ) | |
| Corporation; | ) | |
| WALLEN FARMS INC., a Nebraska | ) | |
| Corporation; and | ) | |
| ZAC RICHARDS, an individual, | ) | |
| | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CLIMATE CORPORATION, a South | ) | |
| Carolina Corporation; THE CLIMATE | ) | |
| INSURANCE AGENCY LLC, a California | ) | |
| Limited Liability Company MONSANTO | ) | |
| COMPANY, a Delaware Corporation; and | ) | |
| NORTH AMERICAN ELITE | ) | |
| INSURANCE COMPANY, | ) | |
| a New Hampshire Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW, the Plaintiffs, AMANDA JOHNSON, an individual; BARRY RICHARDS, d/b/a RICHARDS BROTHERS, an individual; BRIAN LAUFER, an individual; BRYAN HAUXWELL, an individual; DARREN WARNER, an individual; DAVID RUF, an individual; DELMAR RICHTER, an individual; EVAN RICHTER, an individual; HEATH RUF, an individual; JASON BONER, an individual; JERRY KOTSCHWAR, an individual; JERRY KOTSCHWAR d/b/a JENNIE KOTSCHWAR FARMS INC., an individual; KENNY KORELL, an individual; KRIS KRESSIN, an individual; LANE BROZ, an individual; RANDY RICHTER, an individual; RICHTER FINANCIAL INC., a Nebraska Corporation; SHAWN SULLIVAN, an individual; SIS FARMS LLC, a Nebraska Limited Liability Company; STEVE BROZ, an individual; WALLEN AND SONS INC., a Nebraska Corporation; WALLEN FARMS INC., a Nebraska Corporation; and ZAC RICHARDS, an individual, and for their causes of action against the Defendants, THE CLIMATE CORPORATION, a South Carolina Corporation; THE CLIMATE INSURANCE AGENCY, LLC, a California Limited Liability Company; MONSANTO COMPANY, a Delaware Corporation; and NORTH AMERICAN ELITE INSURANCE COMPANY, a New Hampshire Corporation, state and allege as follows:

I.   JURISDICTION

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

II.   PARTIES

PLAINTIFFS

2.     Plaintiff, AMANDA JOHNSON, is and was at all times relevant herein, a resident and citizen of Hayes Center, Hayes County, Nebraska.

3.     Plaintiff, BARRY RICHARDS, d/b/a RICHARDS BROTHERS, is and was at all

2

times relevant herein, a resident and citizen of Hayes Center, Hayes County, Nebraska.

4.    Plaintiff, BRIAN LAUFER, is and was at all times relevant herein, a resident and citizen of Ludell, Rawlins County, Kansas.

5.    Plaintiff, BRYAN HAUXWELL, is and was at all times relevant herein, a resident and citizen of McCook, Red Willow County, Nebraska.

6.    Plaintiff, DARREN WARNER, is and was at all times relevant herein, a resident and citizen of McCook, Furnas County, Nebraska.

7.    Plaintiff, DAVID RUF, is and was at all times relevant herein, a resident and citizen of Wilsonville, Furnas County, Nebraska.

8.    Plaintiff, DELMAR RICHTER, is and was at all times relevant herein, a resident and citizen of Hayes Center, Hayes County, Nebraska.

9.    Plaintiff, EVAN RICHTER, is and was at all times relevant herein, a resident and citizen of Hayes Center, Hayes County, Nebraska.

10.    Plaintiff, HEATH RUF, is and was at all times relevant herein, a resident and citizen of Wilsonville, Furnas County, Nebraska.

11.    Plaintiff, JASON BONER, is and was at all times relevant herein, a resident and citizen of McCook, Red Willow County, Nebraska.

12.    Plaintiff, JERRY KOTSCHWAR d/b/a JENNIE KOTSCHWAR FARMS INC., is and was at all times relevant a resident and citizen of Culbertson, Hitchcock County, Nebraska.

13.    Plaintiff, KENNY KORELL, is and was at all times relevant herein, a resident and citizen of Hayes Center, Hayes County, Nebraska.

14.    Plaintiff, KRIS KRESSIN, is and was at all times relevant herein, a resident and

citizen of Hayes Center, Hayes County, Nebraska.

15.    Plaintiff, LANE BROZ, is and was at all times relevant herein, a resident and citizen of Hayes Center, Hayes County, Nebraska.

16.    Plaintiff, RANDY RICHTER, is and was at all times relevant herein, a resident and citizen of Hayes Center, Hayes County, Nebraska.

17.    Plaintiff, RICHTER FINANCIAL INC., is and was at all times relevant herein, a Nebraska Corporation in good standing, duly organized and existing under the laws of the State of Nebraska, having its principal place of business at 304 West 7th, McCook, Red Willow County, Nebraska.

18.    Plaintiff, SHAWN SULLIVAN, is and was at all times relevant herein, a resident and citizen of Wallace, Lincoln County, Nebraska.

19.    Plaintiff, SIS FARMS L.L.C., is and was at all times relevant herein, a Nebraska Limited Liability Company in good standing, duly organized and existing under the laws of the State of Nebraska, having its principal place of business at 71313 Road 384, McCook, Red Willow County, Nebraska.

20.    Plaintiff, STEVE BROZ, is and was at all times relevant herein, a resident and citizen of Hayes Center, Hayes County, Nebraska.

21.    Plaintiff, WALLEN AND SONS INC., is and was at all times relevant herein, a Nebraska Corporation in good standing, duly organized and existing under the laws of the State of Nebraska, having its principal place of business at 38087 Road 712, McCook, Red Willow County, Nebraska.

22.    Plaintiff, WALLEN FARMS INC., is and was at all times relevant herein, a

Nebraska Corporation in good standing, duly organized and existing under the laws of the State of Nebraska, having its principal place of business at 38087 Road 712, McCook Red Willow County, Nebraska.

23.     Plaintiff, ZAC RICHARDS, is and was at all times relevant herein, a resident and citizen of Hayes Center, Hayes County, Nebraska.

DEFENDANTS

24.     Defendant, THE CLIMATE CORPORATION, is and was at all times relevant herein, a South Carolina Corporation in good standing, duly organized and existing under the laws of the State of South Carolina, having its principal place of business at 1703 Laurel Street, Columbia, South Carolina 29201.

25.     Defendant, CLIMATE INSURANCE AGENCY LLC, is limited liability company in good standing, duly organized, and existing under the laws of the State of California, having its principal place of business at 201 Third Street, suite 1100, San Francisco, California 94103.   Upon information and belief, this Defendant is a wholly owned subsidiary of Defendant, CLIMATE CORPORATION.

26.     Defendant, MONSANTO COMPANY, is and was at all times relevant herein, a Delaware Corporation in good standing, duly organized and existing under the laws of the State of Delaware, having its principal place of business at 800 N Lindbergh Boulevard, G5EE, Saint Louis, Missouri 69167.

27.     Defendant NORTH AMERICAN ELITE INSURANCE COMPANY, is and was at all times relevant herein, a New Hampshire Corporation in good standing, duly organized and existing under the laws of the State of New Hampshire, having its

5

principal place of business at 650 Elm Street, 6th Floor, Manchester, New
Hampshire 03101.

28.    Upon information and belief, the policies of insurance at issue in this case were
products developed by Defendant, NORTH AMERICAN ELITE INSURANCE
COMPANY, based on weather modeling developed by Defendant, CLIMATE
CORPORATION.  On further information and belief, on or about October 2, 2013,
Defendant, MONSANTO COMPANY, acquired Defendant, CLIMATE
CORPORATION, for approximately Nine Hundred Thirty Million Dollars
($930,000,000.00).  Upon further information and belief, Defendant, CLIMATE
CORPORATION, continues to operate as a wholly owned subsidiary of
Defendant, MONSANTO COMPANY.  Plaintiffs have no specific knowledge
regarding the interrelationship between the individual Defendants.

29.    Defendants are and at all times relevant herein have been in the business of issuing
insurance policies and administering claims under such policies throughout the
United States, including the State of Nebraska.

### III.    BASIS FOR CAUSES OF ACTION

30.    All events herein occurred in the State of Nebraska.

31.    On or about March 6, 2013, and in anticipation of the 2013 growing season,
Plaintiff, AMANDA JOHNSON, purchased a policy of insurance from the
Defendants, to wit: policy number 1558813526 (see attached Exhibit N 1).  Policy
number 1558813526 has an aggregate coverage limit of One Hundred Fifty Four
Thousand Four Hundred Dollars ($154,400.00).

32.    On or about March 15, 2013, and in anticipation of the 2013 growing season,

Plaintiff, BARRY RICHARDS, d/b/a RICHARDS BROTHERS, purchased a policy of insurance from the Defendants, to wit: policy number 339248820 (see attached Exhibit N 2). Policy number 339248820 has an aggregate coverage limit of Two Hundred Sixty Five Thousand Seven Hundred Dollars ($265,700.00).

33. On or about October 13, 2013, and in anticipation of the 2013 growing season, Plaintiff, BRIAN LAUFER, purchased a policy of insurance from the Defendants, to wit: policy number 30714695 (see attached Exhibit N 3). Policy number 30714695 has an aggregate coverage limit of Thirty Two Thousand Seventy Five Dollars ($32,075.00).

34. In anticipation of the 2013 growing season, Plaintiff, BRYAN HAUXWELL, purchased seven policies of insurance from the Defendants, to wit: policy numbers 805776178 (policy not attached) , 2031420149, 2030190290, 808936317, 802420959, 1514532895, and 526153342 (see attached Exhibits N 4.1, N 4.2, N 4.3, N 4.5, and N 4.6). On or about December 18, 2013, Plaintiff, BRYAN HAUXWELL, purchased one policy of insurance from the Defendants, to wit: policy number 430251637 (see attached Exhibit N 4.7). Policy number 805776178 has an aggregate coverage limit of One Hundred Forty One Thousand Three Hundred Twenty Dollars ($141,320.00); policy number 2031420149 has an aggregate coverage limit of Twenty Three Thousand Four Hundred Dollars ($23,400.00); policy number 2030190290 has an aggregate coverage limit of Ninety Seven Thousand Thirty One Dollars ($97,031.00); policy number 808936317 has an aggregate coverage limit of Twenty Nine Thousand Four Hundred Sixty Nine Dollars ($29,469.00); policy number 802420959 has an aggregate coverage limit of Fifty Four Thousand Six Hundred Dollars

($54,600.00); policy number 1514532895 has an aggregate coverage limit of Ninety Seven Thousand Six Hundred Sixty Dollars ($97,660.00); policy number 526153342 has an aggregate coverage limit of One Hundred Thirty Three Thousand Five Hundred Seventy Four Dollars ($133,574.00); and policy number 430251637 has an aggregate coverage limit of Twenty Three Thousand Two Hundred Sixty Eight Dollars ($23,268.00).

35.     In anticipation of the 2013 growing season, Plaintiff, DARREN WARNER, purchased two policies of insurance from the Defendants, to wit: policy numbers 769261357 and 1405536027 (see attached Exhibits N 5 and N 5.1).  Policy number 769261357 has an aggregate coverage limit of Forty Thousand Two Hundred Sixty Dollars ($40,260.00) and policy number 1405536027 has an aggregate coverage limit of Thirteen Thousand Eight Hundred Sixty One Dollars ($13,861.00).

36.     In anticipation of the 2013 growing season, Plaintiff, DAVID RUF, purchased a policy of insurance from the Defendants, to wit: policy number 1536076846 (see attached Exhibit N 6).  Policy number 1536076846 has an aggregate coverage limit of One Hundred Seventy Eight Thousand One Hundred Twenty Dollars ($178,120.00).

37.     On or about January 28, 2013, and in anticipation of the 2013 growing season, Plaintiff, DELMAR RICHTER, purchased a policy of insurance from the Defendants, to wit: policy number 1921314854 (see attached Exhibit N 7).  Policy number 1921314854 has an aggregate coverage limit of Five Thousand Dollars ($5,000.00).

38.     On or about March 14, 2013, and in anticipation of the 2013 growing season,

Plaintiff, EVAN RICHTER, purchased a policy of insurance from the Defendants, to wit: policy number 909478770 (see attached Exhibit N 8). Policy number 909478770 has an aggregate coverage limit of Ten Thousand Dollars ($10,000.00).

39. In anticipation of the 2013 growing season, Plaintiff, HEATH RUF, purchased a policy of insurance from the Defendants, to wit: policy number 1328377755 (see attached Exhibit N 9). Policy number 1328377755 has an aggregate coverage limit of One Hundred Thirty Five Thousand Four Hundred Dollars ($135,400.00).

40. In anticipation of the 2013 growing season, Plaintiff, JASON BONER, purchased a policy of insurance from the Defendants, to wit: policy number 1264910790 (see attached Exhibit N 10). Policy number 1264910790 has an aggregate coverage limit of Eighty Thousand Six Hundred Seventy Eight Dollars ($80,678.00).

41. In anticipation of the 2013 growing season, Plaintiff, JERRY KOTSCHWAR d/b/a JENNIE KOTSCHWAR FARMS INC., purchased two policies of insurance from the Defendants, to wit: policy numbers 288381455 and 156922926 (see attached Exhibits N 11 and N 11.1). Policy number 288381455 has an aggregate coverage limit of Forty Two Thousand Six Hundred Sixty Dollars ($42,660.00) and policy number 156922926 has an aggregate coverage limit of Fifteen Thousand Six Hundred Eighty Two Dollars and Fifty Cents ($15,682.50).

42. On or about February 8, 2013, and in anticipation of the 2013 growing season, Plaintiff, KENNY KORELL, purchased a policy of insurance from the Defendants, to wit: policy number 647885891 (see attached Exhibit N 12). Policy

number 647885891 has an aggregate coverage limit of Twenty Thousand Four Hundred Dollars ($20,400.00).

43.      On or about February 2, 2013, and in anticipation of the 2013 growing season, Plaintiff, KRIS KRESSIN, purchased a policy of insurance from the Defendants, to wit: policy number 1860755741 (see attached Exhibit N 13).   Policy number 1860755741 has an aggregate coverage limit of Eighteen Thousand Fifty Seven Dollars ($18,057.00).

44.      On or about March 15, 2014, and in anticipation of the 2013 growing season, Plaintiff, LANE BROZ, purchased a policy of insurance from the Defendants, to wit: policy number 1990360056 (see attached Exhibit N 14).   Policy number 1990360056 has an aggregate coverage limit of Seventeen Thousand Two Hundred Eighty Dollars ($17,280.00).

45.      On or about March 14, 2013, and in anticipation of the 2013 growing season, Plaintiff, RANDY RICHTER, purchased two policies of insurance from the Defendants, to wit: policy numbers 2113720761 and 1323283826 (see attached Exhibits N 15 and N 15.1).   Policy number 2113720761 has an aggregate coverage limit of Fifty Two Thousand Two Hundred Dollars ($52,200.00) and policy number 1323283826 has an aggregate coverage limit of Thirty Two Thousand Two Hundred Dollars ($32,200.00)

46.      On or about January 15, 2013, and in anticipation of the 2013 growing season, Plaintiff, RICHTER FINANCIAL INC., purchased a policy of insurance from the Defendants, to wit: policy number 57766383 (see attached Exhibit N 16).   Policy

number 57766383 has an aggregate coverage limit of Six Thousand Nine Hundred Fifty Five Dollars and Twenty Cents ($6,955.20).

47.     On or about March 13, 2013, and in anticipation of the 2013 growing season, Plaintiff, SHAWN SULLIVAN, purchased two policies of insurance from the Defendants, to wit: policy numbers 1302703547 and 1961307710 (see attached Exhibit N 17 and N 17.1).  Policy number 1302703547 has an aggregate coverage limit of Sixty One Thousand Two Hundred Forty Dollars ($61,240.00) and policy number 1961307710 has an aggregate coverage limit of Five Hundred Fifty Six Thousand Three Hundred Sixty Dollars ($556,360.00).

48.     In anticipation of the 2013 growing season, Plaintiff, SIS FARMS L.L.C., purchased three policies of insurance from the Defendants, to wit: policy numbers 1912631692, 1351334265, and 1234739701 (see attached Exhibits N 18, 18.1 and 18.2).  Policy number 1912631692 has an aggregate coverage limit of One Thousand Four Hundred Seventy Dollars ($1,470.00); policy number 1351334265 has an aggregate coverage limit of Forty One Thousand Four Hundred Sixty Dollars ($41,460.00); and policy number 1234739701 has an aggregate coverage limit of Three Hundred Fifty One Thousand Eight Hundred Forty Dollars ($351,840.00).

49.     On or about March 15, 2013, and in anticipation of the 2013 growing season, Plaintiff, STEVE BROZ, purchased a policy of insurance from the Defendants, to wit: policy number 314801046 (see attached Exhibit N 19).  Policy number

314801046 has an aggregate coverage limit of Twenty Six Thousand Nine Hundred Sixty Dollars ($29,960.00).

50.    In anticipation of the 2013 growing season, Plaintiff, WALLEN AND SONS INC., purchased two policies of insurance from the Defendants, to wit: policy numbers 2001367961 and 2114884865 (see attached Exhibits N 20 and N 20.1). Policy number 2001367961 has an aggregate coverage limit of Twenty Six Thousand Four Hundred Ninety Eight Dollars and Fifty Cents ($26,498.50) and policy number 2114884865 has an aggregate coverage limit of Sixty Three Thousand Three Hundred Forty Four Dollars ($63,344.00).

51.    In anticipation of the 2013 growing season, Plaintiff, WALLEN FARMS INC., purchased a policy of insurance from the Defendants, to wit: policy number 1466552156 (see attached Exhibit N 21).  Policy number 1466552156 has an aggregate coverage limit of Forty Five Thousand Five Hundred Eighty Four Dollars ($45,584.00).

52.    On or about December 14, 2012, and in anticipation of the 2013 growing season, Plaintiff, ZAC RICHARDS, purchased two policies of insurance from the Defendants, to wit: policy numbers 574548760 and 281397833 (see attached Exhibits N 22 and N 22.1).  Policy number 574548760 has an aggregate coverage limit of Thirty Nine Thousand Two Hundred Dollars ($39,200.00) and policy number 281397833 has an aggregate coverage limit of Eleven Thousand Eight Hundred One Dollar and Ninety Cents ($11,801.90).

53.    The policies of insurance Defendants sold to the Plaintiffs, and each of them, were weather based insurance policies, designed to be payable upon the absence, excess, or timing of certain weather conditions such as moisture, heat, and wind,

and without any requirement of an actual, demonstrable loss of yield on the part of the insureds.

54.     Defendants further made numerous specific representations Plaintiffs, and each of them, through their agents, promotional literature, and promotional videos.  These representations included, but are not limited to, the following:

a.  The policies and the modeling upon which they were based were improved from the 2012 policy and modeling in such a way as to benefit the agricultural producers;

b.  The policies were designed to simply cover the absence, excess, or timing of weather conditions such as moisture, heat, and wind;

c.  The policies were designed to provide coverage for losses in excess of the typical input cost covered by Federal Crop Insurance, to ensure to the existence of an average yield;

d.  No adjustor was needed because the new, improved modeling would precisely identify losses and the insureds would be promptly compensated if the weather conditions were adverse; and

e.  The policies were the safest way to ensure an acceptable production season that would allow debt to be serviced, families to be fed, housed, and clothed, and weather risks eliminated.

55.     Defendants made further specific promises and affirmations of fact in their advertising, marketing, and informational meetings that included, but are not limited to, the following:

a.  In 2013, Defendants' agent advised Plaintiffs, RUF's as to how well the product had performed the previous year (2012) and told they should not have to pay anything as the policies should build up and pay the premiums;

b.  In 2013, Plaintiff, SULLIVAN, met with his local agent in Hays Center, Nebraska who showed him computer graphs (originating from Defendants) of how different weather related issues would trigger payouts, including full payouts for heat days after a certain number of days and the deductible being met.

c.  Plaintiff, LAUFER, met with his local agent and Defendant, CLIMATE CORPORATION's regional manager in 2012.  He was shown a video and informed that the policy was designed to fill the gap between crop loss and RMA insurance paid.  In the spring of 2013, LAUFER again met with his agent and CLIMATE CORPORATION's regional manager, and was presented the same video and made the same promises.  That the policies of insurance were designed to bridge the gap between aggregate crop loss and federal crop insurance was the primary selling point to LAUFER.

d.  Plaintiff, WALLEN, met with his local agent in McCook, Nebraska in 2013.  His local agent advised, based upon information provided by Defendants, that the policies of insurance took into consideration heat units, rainfall, crop stage, day temperature, night temperature, etc.  Defendants represented to WALLEN and others that in Southwest Nebraska dry land corn would make fifty bushels an acre in 2013 (most yielded 0 bushels per acre).

e.  Plaintiff, BONER, met with Defendant, CLIMATE CORPORATION's agent at the Farm Credit Services office in McCook in 2013. BONER was told how well the policies of insurance performed in 2012.  During a one-on-one presentation,

14

BONER was provided printed material showing a payout under the policy when BONER's yields dropped below 80 bushels/acre and full payout at below 40 bushels/acre.  Later that fall, after BONER's fields had burned up, a CLIMATE CORPORATION representative spoke with BONER and his local agent and admitted that CLIMATE CORPORATION had a "problem" and he didn't know why "the formula wasn't working right this year."

    f.    Plaintiff, RICHARDS, met with his local agent in 2013 who, based upon information provided by Defendants, advised, among other things, that if it didn't rain he would get paid, if it was hot during pollination he would get paid, that the policies were not based upon yields but on the plants' ability to grow.

56.    Plaintiffs relied upon the representations made by Defendants, set forth above, in deciding to purchase their respective policies of insurance.

57.    In 2013, Plaintiffs' real property and crops insured by Defendants experienced weather conditions, namely catastrophic drought conditions, which were fully compensable under Plaintiffs' individual policies of insurance with Defendants. As a result thereof, Plaintiffs, and each of them, were entitled to payment by Defendants in the amount of the aggregate coverage of their individual policies of insurance with Defendants.

58.    In the Fall of 2013, Plaintiff, AMANDA JOHNSON, made claim upon Defendants under policy number 1558813526.

59.    In the Fall of 2013, Plaintiff, BARRY RICHARDS d/b/a RICHARDS BROTHERS, made claim upon Defendants under policy number 339248820.

60.    In the Fall of 2013, Plaintiff, BRIAN LAUFER, made claim upon Defendants under policy number 30714695.

61.     In the Fall of 2013, Plaintiff, BRYAN HAUXWELL, made claim upon Defendants under policy numbers 805776178, 2031420149, 2030190290, 808936317, 802420959, 1514532895, 526153342, and 430251637.

62.     In the Fall of 2013, Plaintiff, DARREN WARNER, made claim upon Defendants under policy numbers 769261357 and 1405536027.

63.     In the Fall of 2013, Plaintiff, DAVID RUF, made claim upon Defendants under policy number 1536076846.

64.     In the Fall of 2013, Plaintiff, DELMAR RICHTER, made claim upon Defendants under policy number 1921314854.

65.     In the Fall of 2013, Plaintiff, EVAN RICHTER, made claim upon Defendants under policy number 909478770.

66.     In the Fall of 2013, Plaintiff, HEATH RUF, made claim upon Defendants under policy number 1328377755.

67.     In the Fall of 2013, Plaintiff, JASON BONER, made claim upon Defendants under policy number 1264910790.   Defendants made payment to Plaintiff, JASON BONER, under policy number 1264910790, in the amount of Six Thousand Nine Hundred Thirteen Dollars and Eighty Three Cents ($6,913.83).

68.     In the Fall of 2013, Plaintiff, JERRY KOTSCHWAR d/b/a JENNIE KOTSCHWAR FARMS INC., made claim upon Defendants under policy numbers 288381455 and 156922926.

69.     In the Fall of 2013, Plaintiff, KENNY KORELL, made claim upon Defendants under policy number 647885891.

70.     In the Fall of 2013, Plaintiff, KRIS KRESSIN, made claim upon Defendants

under policy number 1860755741.

71.     In the Fall of 2013, Plaintiff, LANE BROZ, made claim upon Defendants under policy number 1990360056.

72.     In the Fall of 2013, Plaintiff, RANDY RICHTER, made claim upon Defendants under policy numbers 2113720761 and 1323283826.

73.     In the Fall of 2013, Plaintiff, RICHTER FINANCIAL INC., made claim upon Defendants under policy number 57766383.

74.     In the Fall of 2013, Plaintiff, SHAWN SULLIVAN, made claim upon Defendants under policy number 1302703547.

75.     In the Fall of 2013, Plaintiff, SIS FARMS L.L.C., made claim upon Defendants, under policy numbers 1912631692, 1351334265 and 1234739701.  Defendants made payment to Plaintiff, SIS FARMS L.L.C., under policy numbers 1912631692, 1351334265 and 1234739701  in the respective amounts of Seventy Eight Dollars and Four Cents ($78.04); Twenty Four Dollars and Thirteen Cents ($24.13); and Twenty Three Thousand Nine Hundred Ninety One Dollars and Seventy One Cents ($23,991.71).

76.     In the Fall of 2013, Plaintiff, STEVE BROZ, made claim upon Defendants under policy number 314801046.

77.     In the Fall of 2013, Plaintiff, WALLEN & SONS INC., made claim upon Defendants under policy numbers 2001367961 and 2114884865.

78.     In the Fall of 2013, Plaintiff, WALLEN FARMS INC., made claim upon Defendants under policy number 1466552156.

79.     In the Fall of 2013, Plaintiff, ZAC RICHARDS, made claim upon

Defendants under policy numbers 574548760 and 281397833.

80.     Despite demand thereupon, Defendants have failed and refused to make payment to Plaintiffs, and each of them, in the amount of the aggregate coverage of their individual policies of insurance with Defendants.


## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
Breach of Contract

81.     Plaintiffs hereby incorporate all previous paragraphs as if set forth fully here.

82.     The policies of insurance as between Plaintiffs and Defendants are written contracts.

83.     Sufficient consideration exists to support the contracts, namely that the Plaintiffs provided premium payments in exchange for promised and contracted insurance coverage.

84.     Plaintiffs at all times performed and were willing to perform in compliance with the contracts, including but not limited to, timely payment of their premiums to Defendants.

85.     The terms and provisions of the policies of the insurance Defendants sold to Plaintiffs, and each of them, provided that upon the absence, excess, or timing of certain weather conditions such as moisture, heat, and wind, and without any requirement of an actual, demonstrable loss of yield on the part of the insureds, the Plaintiffs, and each of them, would be entitled to coverage in an amount up to the aggregate coverage under their individual policies of insurance.

86.     Upon the occurrence of weather conditions that met the specifications of the

18

policies, namely catastrophic drought conditions, Plaintiffs, and each of them, were entitled to the payment from Defendants in amounts up to the aggregate coverage of their individual insurance policies.

87.     Defendants have failed to make payment to the Plaintiffs, and each of them, under their respective policies of insurance, despite demand thereupon.

88.     In failing to make payments to Plaintiffs under their respective policies of insurance, in amounts to be proven at the time of trial, Defendants are in material breach of terms and provisions of the policies of insurance that include, but are not limited to, those dealing with determination and payment of compensation to Plaintiffs.

89.     Defendants' breach of contract has proximately caused damage to each individual Plaintiff in amounts to be proved at the time of trial.

SECOND CAUSE OF ACTION
Breach of Express Warranty

90.     Plaintiffs hereby incorporate all previous paragraphs as if set forth fully here.

91.     Plaintiffs, and each of them, formed a contract with the Defendants at the time they purchased their respective policies of insurance. The terms of the contract include the promises and affirmations of fact made by the Defendants through their advertising, marketing and informational meetings, as alleged at ¶54-55 above. These promises and affirmations of fact constitute express warranties, are a part of the basis of the bargain, and are part of the contract between the Plaintiffs and Defendants.

92.     All conditions precedent to the Defendants' liability under the express warranties have been performed by the Plaintiffs.

93.     Plaintiffs, and each of them, reasonably relied upon the Defendants' representations in purchasing their respective policies of insurance.

94.     Defendants have breached the express warranties.

95.     Defendants' breach of the express warranties has proximately caused damage to each individual Plaintiff in an amount to be proven at the time of trial herein.


### THIRD CAUSE OF ACTION
### Unjust Enrichment

96.     Plaintiffs hereby incorporate all previous paragraphs as if set forth fully here.

97.     This claim is asserted in the alternative behalf of the Plaintiffs to the extent the contract and express warranties do not govern the entirety of the subject matter of the dispute with the Defendants.

98.     Plaintiffs, and each of them, conferred a tangible economic benefit upon Defendants by buying their respective policies of insurance.  Plaintiffs would have expected remuneration from Defendants at the time this benefit was conferred had they known the policies of insurance did not perform as promised.

99.     As a direct and proximate result of Defendants' misconduct, as set forth above, Defendants have been unjustly enriched at the Plaintiffs' expense.

100.    It would be inequitable for the Defendants to retain the profits, benefits, and other compensation obtained by its wrongful conduct in marketing, promoting, and selling the policies of insurance at issue in this case.

101.    Plaintiffs seek restitution from Defendants, and an order of this Court, disgorging all such profits, benefits, and other compensation obtained by Defendants from their wrongful conduct.

### FOURTH CAUSE OF ACTION

Insurance – Bad Faith

102.     Plaintiffs hereby incorporate all previous paragraphs as if set forth fully here.

103.     Plaintiffs were entitled to payment under their policies of insurance.

104.     Defendants had no reasonable basis for denying Plaintiffs, and each of them, the benefits of their individual policies of insurance with Defendants, and Defendants knew or recklessly disregarded the lack of a reasonable basis for denying the claims made by the Plaintiffs, and each of them.

105.     Defendants' bad faith in handling and disposing of the claims made by the Plaintiffs, and each of them, proximately caused to damage to each individual Plaintiff in amounts to be proven at the time of trial.

FIFTH CAUSE OF ACTION
Fraudulent Inducement

106.     Plaintiffs hereby incorporate all previous paragraphs as if set forth fully here.

107.     Defendants made numerous, specific representations of fact to Plaintiffs, and each of them, as set forth more fully at paragraphs ¶54-55 above.

108.     Defendants' representations were false for reasons that include but are not limited to the fact that Defendants knew or should have known that the policies of insurance sold to Plaintiffs were not capable of performing as promised and advertised.

109.     When made, Defendants' representations were known by Defendants to be false or were made recklessly without knowledge of their truth and as positive assertions.

110.     Defendants' representations were made with the intent that Plaintiffs, and each of them, would rely upon them.

111.     Plaintiffs relied upon Defendants' representations in deciding to purchase their individual policies of insurance from Defendants.

112.     Each Plaintiff's reliance upon Defendants' representations was reasonable.

113.     Defendants' fraudulent inducement of Plaintiffs, and each of them, proximately caused damage to each individual Plaintiff in an amount to be proven at the time of trial.

SIXTH CAUSE OF ACTION
Fraudulent Misrepresentation

114.     Plaintiffs hereby incorporate all previous paragraphs as if set forth fully here.

115.     Defendants made numerous, specific representations of fact to Plaintiffs, and each of them, as set forth more fully at paragraphs ¶54-55 above.

116.     Defendants' representations were false for reasons that include but are not limited to the fact that Defendants knew or should have known that the policies of insurance sold to Plaintiffs were not capable of performing as promised and advertised.

117.     When made, Defendants' representations were known by Defendants to be false or were made recklessly without knowledge of their truth and as positive assertions.

118.     Defendants' representations were made with the intent that Plaintiffs would rely upon them.

119.     Plaintiffs relied upon Defendants' representations in deciding to purchase their respective policies of insurance from Defendants.

120.     Each Plaintiff's reliance upon Defendants' representations was reasonable.

121.     Defendants' fraudulent misrepresentations proximately caused damage to each individual Plaintiff in amounts to be proven at the time of trial.

22

## SEVENTH CAUSE OF ACTION
### Deceptive Trade Practices

122.    Plaintiffs hereby incorporate all previous paragraphs as if set forth fully here.

123.    Defendants provided goods or services to Plaintiffs within the meaning of Nebraska's Uniform Deceptive Trade Practices Act (Neb.Rev.Stat. §87-301 *et. seq.*).

124.    Defendants, in marketing, promoting, and selling their policies of insurance to Plaintiffs, as set forth more fully above, engaged in deceptive trade practices in instances that include, but are not limited to, representing that the policies of insurance had characteristics, uses, and benefits that they did not have; advertising the policies of insurance with the intent not to sell them as advertised and in a manner calculated or tending to mislead or deceive the Plaintiffs; and using a scheme or device to defraud Plaintiffs by means of obtaining money by knowingly false or fraudulent pretenses, representations, or promises.

125.    Defendants' deceptive trade practices proximately caused damage to each individual Plaintiff in amounts to be proven at the time of trial.

## EIGHTH CAUSE OF ACTION
### Negligence

126.    Plaintiffs hereby incorporate all previous paragraphs as if set forth fully here.

127.    Upon information and belief, the policies of insurance at issue in this case were based upon weather modeling developed by Defendant, CLIMATE CORPORATION.  Upon further information and belief, the polices of insurance were developed by Defendant, NORTH AMERICAN ELITE INSURANCE COMPANY, and were designed to be payable upon the absence, excess, or timing of certain weather conditions.

128.   The Defendants made certain representations of fact and promises pertaining to performance to the Plaintiffs, as set forth more fully above.

129.   Defendants therefore owed Plaintiffs a duty to develop and utilize weather modeling, upon which the policies of insurance at issue in this case were based, which would permit the policies of insurance to perform as advertised and promised, and to develop policies of insurance consistent with the underlying weather modeling and capable of performing as advertised and promised.

130.   Defendants breached these duties to Plaintiffs, and were therefore negligent.

131.   Defendants' negligence proximately caused damage to each individual Plaintiff in amounts to be proven at the time of trial.

## VI.  PRAYER FOR RELIEF

132.   WHEREFORE, Plaintiff, AMANDA JOHSON, prays for judgment on her causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $154,400.00 on policy number 1558813526; for prejudgment and post-judgment interest as allowed by law; for her attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

133.   WHEREFORE, Plaintiff, BARRY RICHARDS d/b/a RICHARDS BROTHERS, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $265,700.00 on policy number 339248820; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

134.   WHEREFORE, Plaintiff, BRIAN LAUFER, prays for judgment on his causes of

action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $32,075.00 on policy number 30714695; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

135.   WHEREFORE, Plaintiff, BRYAN HAUXWELL, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $141,320.00 on policy number 805776178, up to $23,400.00 on policy number 2031420149, up to $97,031.00 on policy number 2030190290, up to $29,469.00 on policy number 808936317, up to $54,600.00 on policy number 802420959, up to $97,660.00 on policy number 1514532895, up to $133,574.00 on policy number 526153342, and up to $23,268.00 on policy number 430251637; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

136.   WHEREFORE, Plaintiff, DARREN WARNER, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $40,260.00 on policy number 769261357 and up to $13,861.00 on policy number 1405536027; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

137.   WHEREFORE, Plaintiff, DAVID RUF, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $178,120.00 on policy number 1536076846;

for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

138.     WHEREFORE, Plaintiff, DELMAR RICHTER, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $5,000.00 on policy number 1921314854; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

139.     WHEREFORE, Plaintiff, EVAN RICHTER, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $10,000.00 on policy number 909478770; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

140.     WHEREFORE, Plaintiff, HEATH RUF, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to  $135,400.00 on policy number 1328377755; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

141.     WHEREFORE, Plaintiff, JASON BONER, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $66,850.34 on policy number 1264910790;

for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

142.  WHEREFORE, Plaintiff, JERRY KOTSCHWAR d/b/a JENNIE KOTSCHWAR FARMS INC., prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to  $42,660.00 on policy number 288381455 and up to $15,682.50 on policy number 156922926; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

143.  WHEREFORE, Plaintiff, KENNY KORELL, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $20,400.00 on policy number 647885891; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

144.  WHEREFORE, Plaintiff, KRIS KRESSIN, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $18,057.00 on policy number 1860755741; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

145.  WHEREFORE, Plaintiff, LANE BROZ, prays for judgment on his causes of

action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $$17,280.00 on policy number 1990360056; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

146.    WHEREFORE, Plaintiff, RANDY RICHTER, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $52,200.00 on policy number 2113720761 and up to $32,200.00 on policy number 1323283826; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

147.    WHEREFORE, Plaintiff, RICHTER FINANCIAL INC., prays for judgment on its causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $6,955.00 on policy number 57766383; for prejudgment and post-judgment interest as allowed by law; for its attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

148.    WHEREFORE, Plaintiff, SHAWN SULLIVAN, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $61,240.00 on policy number 1302703547; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

149.    WHEREFORE, Plaintiff, SIS FARMS L.L.C., prays for judgment on its causes of

action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $303,856.58 on policy number 1234739701, up to $41,411.74 on policy number 1351334265, and up to $1,313.92 on policy number 1912631692; for prejudgment and post-judgment interest as allowed by law; for its attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

150.     WHEREFORE, Plaintiff, STEVE BROZ, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $29,960.00 on policy number 314801046; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

151.     WHEREFORE, Plaintiff, WALLEN & SONS INC., prays for judgment on its causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $26,498.50 on policy number 2001367961 and up to $63,344.00 on policy number 2114884865; for prejudgment and post-judgment interest as allowed by law; for its attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

152.     WHEREFORE, Plaintiff, WALLEN FARMS INC., prays for judgment on its causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $45,584.00 on policy number 1466552156; for prejudgment and post-judgment interest as allowed by law; for

its attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

153.     WHEREFORE, Plaintiff, ZAC RICHARDS, prays for judgment on his causes of action against the Defendants, who are jointly and severally liable upon those causes of action, in an amount up to $39,200.00 on policy number 574548760 and up to $11,801.90 on policy number 281397833; for prejudgment and post-judgment interest as allowed by law; for his attorney's fees; for the costs of this action; and, for such other and further relief as the Court deems just and equitable.

## VII. REQUEST FOR JURY

Plaintiffs request a jury trial on their causes of action against the Defendants.

FOR THE PLAINTIFFS,

/s/ ROBERT B. REYNOLDS_____
ROBERT B. REYNOLDS, # 18636
JAMES R. KORTH, #22674
Reynolds, Korth & Samuelson, P.C., L.L.O.
1401 West First Street, P.O. Box 717
Ogallala, NE 69153
Ph:  308-284-4001   Fx:  308-284-8319